UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ELTTAC, INC., | Case No. 2:13-cv-2116-GMN-NJK |
| Plaintiff(s), | REPORT AND RECOMMENDATION |
| vs. | |
| BOUARI INTERNATIONAL FRANCHISE, LLC, et al., | |
| Defendant(s). | |

On February 28, 2014, the Court entered an order for Defendants Bouari International Franchise, LLC and Carol Ann Chaney ("Defendants") to show cause in writing why default judgment should not be entered pursuant to Federal Rule of Civil Procedure 16(f). Docket No. 33. The response to the order to show cause was due on March 7, 2014. *See id.* at 1. Defendants failed to respond to the order to show cause.[1] For the reasons discussed below, the undersigned hereby **RECOMMENDS** that default judgment be entered against Defendants.

On October 17, 2013, the District Court for the Eastern District of Texas granted the parties' "Agreed Stipulation" to transfer this case to this Court. *See* Docket No. 16. On November 26, 2013, the Court ordered Defendants to appear at the hearing for their attorneys' motion to withdraw. Docket No. 23. Defendants were served with that Order. Docket Nos. 24-25. Nonetheless, Defendants failed to appear. *See* Docket No. 26.

On December 9, 2013, the Court ordered Defendant Bouari International Franchise, LLC to obtain new counsel and file a notice of appearance, no later than December 30, 2013. Docket No. 26.

---

[1] The Court also ordered Plaintiff to show cause why the case should not be dismissed. *See id.* Plaintiff filed a response, *see* Docket No. 35, and the order to show cause as to Plaintiff is hereby DISCHARGED.

The Court also ordered Defendant Carol Ann Chaney to file either a notice that she intends to appear *pro se* or a notice of appearance by her new counsel, no later than December 30, 2013. *Id.* Defendants were served with the Court's order. *See* Docket No. 27. Defendants failed to comply with that order.

The willful failure of Defendants to comply with the Court's orders is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than default judgment are unavailable because Defendants have wilfully refused to comply with the Court's Orders despite the clear possibility that default judgment may be entered. Moreover, the Court has notified Defendant Bouari International Franchise, LLC that it cannot appear in this action without counsel, *see* Docket No. 23, but it has refused to obtain counsel. The Ninth Circuit has held that default judgment is an appropriate sanction for a corporation's failure to retain counsel for the duration of the litigation. *United States v. High Country Broadcasting*, 3 F.3d 1244, 1245 (9th Cir. 1993).

Accordingly, **IT IS RECOMMENDED** that default judgment be entered against Defendants.

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED:  July 7, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge