# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ELTTAC, INC., )
  ) Case No.: 2:13-cv-02116-GMN-NJK
    Plaintiff, )
  vs. )
  )
BOUARI INTERNATIONAL )
FRANCHISE, LLC, *et al.*, )
  )
    Defendants. )
  )

Pending before the Court is the Second Motion for Default Judgment, (ECF No. 47), filed by Plaintiff Elttac, Inc. ("Plaintiff"). For the reasons discusses below, the Court construes Plaintiff's filing as a Motion for Clerk's Entry of Default and refers the Motion to the Clerk of Court.

**I. <u>BACKGROUND</u>**

This action arises from allegations that Defendants Bouari International Franchise, LLC ("BIF") and Carol Ann Chaney ("Chaney") (collectively "Defendants") induced Plaintiff into purchasing a franchise, property, and services based upon fraudulent misrepresentations and material omissions of fact. (*See* Am. Compl. ¶¶ 2–3, 7, ECF No. 7). Initially filed in Texas state Court, (ECF No. 1), Defendants removed the case to the United States District Court for the Eastern District of Texas and the parties subsequently stipulated to transferring the action to this Court. (*See* Order, ECF No. 16).

Shortly after the case was transferred here, Defendants' counsel moved to withdraw from representation, (*see* ECF No. 21). Magistrate Judge Koppe ordered a hearing on the motion and expressly required that Chaney and a representative of BIF be present. (*See* Order, ECF No. 23). Despite receiving notice of the hearing, Chaney and BIF failed to attend. (*See* Mins. of

Proceedings, ECF No. 26). Judge Koppe granted Defendants' counsels' motion to withdraw and gave Chaney and BIF twenty-one days to either notify the Court that they intend to proceed pro se or have new counsel file a notice of appearance. (*Id.*).

Upon Defendants' failure to respond, Judge Koppe ordered the parties to show cause "why the case should not be dismissed or default judgment be entered," under Federal Rule of Civil Procedure 16(f) and 41(b). (*See* Order to Show Cause 1:19–22, ECF No. 33). Defendants again failed to respond and Judge Koppe issued a report and recommendation in which she recommended that default judgment be entered against Chaney and BIF. (R. & R. 2:4–14, ECF No. 38). Defendants failed to file any objection and this Court accordingly adopted Judge Koppe's report and recommendation in full. (*See* Order, ECF No. 39). The Clerk of Court entered default judgment against Defendants on October 7, 2014. (*See* Clerk's J., ECF No. 40).

On December 11, 2015, Plaintiff filed a motion for default judgment ("First Motion for Default Judgment") requesting that judgment be entered against Defendants for an array of fees and costs. (Mot. for Default J. ¶ 13, ECF No. 41). These include "paid investments and franchise fees of $135,000.00, plus $125,000.00 branding costs, $225,000.00 in re-branding costs, $100,000.00 in development costs and attorney fees, $450,000.00 for 3 years of lost income for a total of $1,035,000.00, plus an amount for exemplary and punitive damages, other amounts deemed appropriate by the court, plus costs of court and interest." (*Id.*). Because the Court had already ordered that default judgment be entered, Judge Koppe denied Plaintiff's motion as moot. (*See* Order, ECF No. 43).

Plaintiff subsequently filed the instant Motion for Default Judgment ("Second Motion for Default Judgment") on April 30, 2016. (*See* Mot. for Default J., ECF No. 47).

## II. LEGAL STANDARD

Obtaining a default judgment is a two-step process governed by Rule 55 of the Federal Rules of Civil Procedure. *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986). First, the

moving party must seek an entry of default from the clerk of court. Fed. R. Civ. P. 55(a). Then, after the clerk of court enters default, a party must separately seek entry of default judgment from the court in accordance with Rule 55(b). Upon entry of a clerk's default, the court takes the factual allegations in the complaint as true. Nonetheless, while the clerk's entry of default is a prerequisite to an entry of default judgment, "a plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1071 (C.D. Cal. 2004) (citation omitted). Instead, whether to grant a default judgment is in the court's discretion. *Id.*

The Ninth Circuit has identified several relevant factors in determining whether to grant default judgment including: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to the excusable neglect; and (7) the strong public policy favoring decisions on the merits. *Eitel*, 782 F.2d at 1471–72.

## III. DISCUSSION

Here, Plaintiff's Motion is premature because Plaintiff has not moved for clerk's entry of default. It is well established that entry of default is a prerequisite to the entry of default judgment. *See* Fed. R. Civ. P. 55(a); *VonGrabe v. Sprint PCS*, 312 F. Supp. 2d 1313, 1318 (S.D. Cal. 2004) ("[A] plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment."); *Roman v. Travelers Home & Marine Ins. Co.*, No. CV-17-08151-PCT-JAT, 2017 WL 3978706, at *3 (D. Ariz. Sept. 11, 2017) ("Before a party can obtain a default judgment from the Court under Federal Rule 55(b), the Clerk of the Court must enter default as provided in Federal Rule 55(a).") (citing 10A, Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice & Procedure § 2682, at 10–11 (4th ed. 2016)).

However, in light of the procedural posture of this case, and in an effort to ensure a just and speedy resolution of this matter, the Court will construe Plaintiff's instant Motion as a Motion for Clerk's Entry of Default. The Court will refer the First Motion for Default Judgment, (ECF No. 41), and Second Motion for Default Judgment, (ECF No. 47), to the Clerk of Court. In the event the Clerk of Court enters default, Plaintiff may file a renewed motion for default judgment.

## IV. <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that Plaintiff's First Motion for Default Judgment, (ECF No. 41), as well Plaintiff's Second Motion for Default Judgment, (ECF No. 47), are construed together as a Motion for Clerk's Entry of Default under Federal Rule of Civil Procedure 55(a) and is referred to the Clerk of Court.

**IT IS FURTHER ORDERED** that in the event the Clerk of Court enters default, the Clerk of Court shall mail a copy of this Order and the entry of default to Defendants at their addresses listed on the docket.

**IT IS FURTHER ORDERED** that the Court's Order adopting Judge Koppe's Report and Recommendation, (ECF No. 39), and the Clerk's Entry of Default Judgment, (ECF No. 40), are hereby **VACATED**.

**DATED** this __26__ day of November, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court